[Cite as *Old House Gifts, L.L.C. v. Peace*, 2016-Ohio-2743.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Old House Gifts, LLC, et al.                     Court of Appeals No. L-15-1120

    Appellees                                      Trial Court No. CI0201303348

v.

Pat Peace                                        **DECISION AND JUDGMENT**

    Appellant                                      Decided:  April 29, 2016

* * * * *

Christine M. Gaynor and Robert J. Bahret, for appellees.

Joseph B. Clarke, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Pat Peace, filed a notice of appeal from the April 7, 2015 judgment of the Lucas County Court of Common Pleas granting judgment to appellees, Old House Gifts, LLC and Jean Martin, owner of Old House Gifts, LLC, on a claim of conversion and ordered restitution.

**{¶ 2}** Initially, the trial court had granted summary judgment to appellant on the ground that appellees failed to submit evidence in support of their claims after appellant challenged that there was insufficient evidence to support their claims. Appellees sought relief from the judgment pursuant to Civ.R. 60(B), which was granted on September 5, 2014. The case proceeded to final judgment on the merits. Despite filing an appeal from the April 7, 2015 judgment, appellant challenges only the granting of the Civ.R. 60(B) motion for relief:

> The Trial Court abused its discretion in its Order journalized September 5, 2014.

**{¶ 3}** We must first determine, sua sponte, whether this appeal is properly before us. A party may seek relief from a final judgment pursuant to Civ.R. 60(B). *Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M, 11CA0113-M, 2012-Ohio-4197, ¶ 11. A final order "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). In the case before us, the summary judgment is a final order because it affects the plaintiffs' rights of recovery on their claims asserted against the sole defendant, determines all of the claims asserted against the defendant, and prevents plaintiffs from recovering from the defendant.

**{¶ 4}** The granting of the Civ.R. 60(B) motion for relief is also a final, appealable order because it vacated a final judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 149-150, 351 N.E.2d 113 (1976); *Sadraoui v. Hersi*, 10th Dist. Franklin No. 10AP-849, 2011-Ohio-3160, ¶ 9.

2.

{¶ 5} App.R. 4(A) requires that a notice of appeal must be filed within 30 days after "service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308. Therefore, appellant was required to file an immediate appeal from the judgment granting Civ.R. 60(B) relief. Instead, appellant waited until a final judgment was rendered regarding the underlying merits of the case on April 7, 2015, and appealed from that final judgment. Appellant could only invoke the jurisdiction of this court to review the granting of the Civ.R. 60(B) motion for relief by filing an appeal from the September 5, 2014 judgment by October 6, 2014.

{¶ 6} Because the notice of appeal from the September 5, 2014 judgment was untimely, we cannot review the trial court's ruling on the motion for relief from judgment. Since the only assignments of error raised in this appeal pertain to that judgment, we hereby find that there were no assignments of error raised pursuant to App.R. 16(A)(3) relating to the judgment appealed, and we hereby dismiss this appeal. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                                 _____

                                                                     JUDGE

Stephen A. Yarbrough, J.

                                                _____

James D. Jensen, P.J.                                        JUDGE
CONCUR.

                                                _____

                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.