[Cite as *Mccall v. Sage*, 2018-Ohio-2291.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106126**

**ANTOINETTE MCCALL**

PLAINTIFF-APPELLEE

vs.

**LIANA SAGE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED; REMANDED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2016 CVI 006127

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEY FOR APPELLANT**

Donald M. Gallick
5755 Granger Road, #610
Independence, Ohio   44131

**FOR APPELLEE**

Antoinette McCall, pro se
3585 Ludgate Road
Shaker Heights, Ohio   44120

SEAN C. GALLAGHER, J.:

{¶1}  Liana Sage appeals Antoinette McCall's having been granted relief from a final judgment.  For the following reasons, we affirm and remand to the trial court for further proceedings.

{¶2} On May 6, 2016, McCall filed a small claims action seeking compensation for a parking lot accident in which Sage allegedly caused damage to McCall's 2015 Lincoln MKX. Unfortunately, McCall had inadvertently identified the date of the accident as having occurred in March 2014, although she also indicated in the complaint that the damage was specifically caused to her 2015 model year vehicle.  Although it is acknowledged that car manufacturers produce automobiles in advance of the calendar year, the allegation in the complaint that McCall owned a 2015 model in March 2014 bordered on incredulous.  At the least, the discrepancy facially demonstrated the existence of a typographical error.  Either the date of the accident or the model year of the damaged vehicle was incorrect.

{¶3} Instead of directly addressing the discrepancy, on the day the small claims matter was set for hearing, Sage appeared through counsel and moved for judgment upon the pleadings. Sage claimed the two-year statute of limitations under R.C. 2305.10 precluded the action because the accident was alleged to have occurred in March 2014. The trial court granted the motion in July 2016. There was no testimony or other evidence introduced to substantiate the date of the accident.

{¶4} In August 2016, McCall realized that the drafting error was the basis of the trial court's decision and filed a motion for relief from the July judgment under the authority of R.C. 1925.14, which provides that "judgments of the small claims division may be modified or vacated in the same manner as other civil actions." McCall attached a copy of the accident report indicating that the accident occurred in March 2015 and that she inadvertently included the wrong date in the complaint. The trial court, in July 2017, granted McCall's motion over Sage's objection and also permitted McCall to amend the complaint under R.C. 1925.09, which provides that the court "*upon vacation of a judgment*, may allow any claim to be amended." (Emphasis added.) The amended complaint reflects the correct date of the incident, well within the two-year statute of limitations for property damage claims.

{¶5} Sage appealed the granting of relief under Civ.R. 60(B), claiming that McCall failed to produce admissible evidence demonstrating the actual date of the accident, that McCall could not utilize Civ.R. 60 because she failed to appeal the final judgment, and that the trial court erred by permitting McCall to amend the complaint. None of Sage's claims have merit.

{¶6} Under R.C. 1925.14, decisions in the small claims division may be vacated as provided in any other civil action. Thus, a litigant may avail herself of Civ.R. 60 in seeking relief from judgment. In order to prevail on a motion for relief from judgment, the movant must

demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶7}** Sage does not challenge the trial court's reliance on Civ.R. 60(B) nor the grounds supporting the individual elements. App.R. 16(A)(7). We therefore accept the trial court's conclusion that McCall demonstrated the existence of a potentially meritorious claim and entitlement to relief under Civ.R. 60(B)(1) or (5). Further, the motion was timely, having been filed within two months of the final judgment.

**{¶8}** In this appeal, Sage claims the trial court abused its discretion in granting McCall relief because McCall failed to demonstrate the date of the accident through admissible evidence tested through the crucible of a formal evidentiary hearing. "[B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged." The Ohio Rules of Evidence do not apply, and pro se parties are permitted to introduce evidence without having to negotiate admissibility and authentication concerns. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15.

**{¶9}** McCall attached a copy of the police report, generated after the incident with Sage, to her motion for relief from judgment. The police report demonstrated that the accident occurred in March 2015, approximately a year before she originally filed the small claims action and well within the two-year statute of limitations. This is bolstered by the fact that McCall's

vehicle was identified as a 2015 model in both complaints. McCall was not required to authenticate the police report or otherwise seek admission of the evidence through the applicable evidentiary rule. The Ohio Rules of Evidence that require authentication and limit admissibility of evidence are not applicable to the small claims proceeding. *Id.* As a result, a small claims court is permitted to consider the evidentiary attachments irrespective of formal compliance with the Ohio Rules of Evidence. Although the trial court may have mistakenly referred to the evidence as testimony in rendering a decision, Sage does not contest the legitimacy of the police report. Any error in designating the type of evidence considered by the trial court is harmless.

{¶10} In the alternative, Sage claims that McCall was required to appeal the July 2016 decision instead of relying on Civ.R. 60(B). We recognize that Civ.R. 60(B) cannot be used as a substitute for a direct appeal. *Pilkington N. Am., Inc. v. Toledo Edison Co.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 34, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16, and *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. McCall did not challenge the legal basis or the merits of the trial court's July 2016 decision. She brought the existence of a drafting mistake to the attention of the trial court to correct a mistake of fact that served as the basis of the final judgment. Further, that typographical error could not have been challenged in a direct appeal; the foundation of the error would have necessarily been outside of the appellate record at that time. McCall's motion for relief from judgment was not being used as a substitute for a direct appeal.

{¶11} Finally, Sage claims the trial court abused its discretion in permitting McCall to amend her complaint. We lack jurisdiction over this issue. The granting of a motion for relief from judgment is a final appealable order. R.C. 2505.02(B)(3); *Old House Gifts, L.L.C. v.*

*Peace*, 6th Dist. Lucas No. L-15-112, 2016-Ohio-2743, ¶ 4, citing *GTE Automatic Elec., Inc.*, 47 Ohio St.2d 146, at 149-150, 351 N.E.2d 113, and *Sadraoui v. Hersi*, 10th Dist. Franklin No. 10AP-849, 2011-Ohio-3160, ¶ 9. The decision to permit the amendment of the complaint under R.C. 1925.09 in a pending action, however, is not. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10, citing *Trotwood v. S. Cent. Constr., L.L.C.*, 192 Ohio App.3d 69, 2011-Ohio-237, 947 N.E.2d 1291, ¶ 54 (2d Dist.), and *Worthington v. Wells Fargo Bank Minnesota, N.A.*, 5th Dist. Richland No. 10 CA 40, 2010-Ohio-4541, ¶ 30-32. Nor does the interlocutory decision to grant leave to amend the complaint merge into the order granting relief from judgment, which is a condition precedent to the court's ability to consider amending the pleadings. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 90, 541 N.E.2d 64 (1989) (interlocutory orders are subject to modification or revision until all claims between all parties are finally terminated). We cannot render a decision with respect to the trial court's granting leave to amend the complaint, but do caution that this is not an indication that we believe the amendment to be in error. It simply reflects the procedural posture of the matter.

{¶12} The trial court did not abuse its discretion in granting McCall relief from the final judgment that was entered in a small claims action. We affirm and remand for further proceedings.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR