[Cite as *Rae-Ann Geneva, Inc. v. Blakeslee*, 2019-Ohio-406.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| RAE-ANN GENEVA, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0067** |
| ROBERT BLAKESLEE a.k.a. ROBERT C. BLAKESLEE, et al.., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 0684.

Judgment: Affirmed.


*Roy Schechter*, *Sara M. Costanzo* and *Jeffrey J. Sobeck*, Weltman Weinberg & Reis, 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113 (For Plaintiff-Appellee).

*Patricia J. Schraff* and *John P. Thomas*, Schraff Thomas Law, LLC, 2802 S.O.M. Center Road, Suite 200, Willoughby Hills, OH 44094 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert Blakeslee, appeals the August 16 and 31, 2017 Judgment Entries of the Ashtabula County Court of Common Pleas, denying his Motion for Relief from Judgment. The issue before this court is whether a party is entitled to vacate a final order based on claims of which the party was aware prior to the final order being entered. For the following reasons, we affirm the judgment of the court below.

{¶2} The trial court has summarized the procedural history of this case as follows:

> Between April 25, 2014, and August 1, 2014, Plaintiff [Rae-Ann Geneva] provided Robert Blakeslee ("Robert") with nursing care services. On or about April 29, 2014, Margaret Blakeslee ("Margaret") executed an Admission Agreement on behalf of Robert. On October 23, 2014, Plaintiff filed the Complaint in this matter, seeking payment from Robert and Margaret for the services rendered.
>
> On December 30, 2015, the Court granted summary judgment in favor of Plaintiff and against Robert in the principal amount of $15,603.73, together with interest at the rate of 18% per annum from August 11, 2014. Summary judgment was not granted against Margaret. On February 5, 2016, Plaintiff voluntarily dismissed its claims against Margaret.
>
> On February 12, 2016, Robert filed his first Motion to Vacate. On March 29, 2016, the parties agreed to vacate the judgment for ninety days so that Robert could attempt to offset some of the judgment with Medicaid coverage. Robert initially applied for Medicaid coverage in April 2014, and was denied coverage in April 2015. Robert appealed the denial, and on May 15, 2015, the appeal was sustained. A "one year letter" was issued to Plaintiff on June 17, 2015. It is unclear why Robert who at all times has been represented by counsel, did not inform the Court of the existence of his Medicaid coverage approval before judgment was entered against him.
>
> On or about June 16, 2016, Plaintiff submitted a claim to Medicaid on behalf of Robert. The charges for room and board were approved. The charges for therapy services were not approved. It is unclear if the therapy charges were submitted and not approved, not submitted, or not submitted because they would not be approved. The payments received from Medicaid and rate adjustments were applied to Robert's account, reducing the total amount he owed to Plaintiff. Plaintiff concedes that the adjustments applied to Robert's account after Medicaid payments were initially miscalculated. That amount has since been revised.
>
> On July 28, 2016, the Court overruled Robert's motion to extend the ninety-day agreed-upon vacation order, and it also overruled his Motion to Vacate. On August 3, 2016, the parties

2

again agreed to vacate judgment for another ninety-day period. On October 18, 2016, the Court reinstated its judgment against Robert, per the agreement of the parties.

{¶3} On December 30, 2016, Blakeslee filed the Motion from Relief from Judgment which is the subject of the present appeal. As the basis for relief, Blakeslee alleged as follows:

New evidence and fraud have been discovered as (1) Medicaid claims documents recently obtained from the Ohio Department of Medicaid demonstrate that Medicaid paid claims billed by Rae Ann; and (2) Ohio Administrative Code 5160-1-13.1 prevents Rae Ann from collecting or billing "the consumer for any difference between the Medicaid payment and the provider's charge."

{¶4} On January 17, 2017, Rae-Ann filed a Brief in Opposition to Blakeslee's Motion for Relief from Judgment.

{¶5} On March 13, 2017, a hearing was held on the Motion to Vacate.

{¶6} On August 16, 2017, the trial court issued a Judgment Entry, overruling Blakeslee's Motion for Relief for Judgment and ordering Rae-Ann Geneva to "submit a final judgment entry which corrects the clerical error and reflects the accurate amount owed to Plaintiff."

{¶7} The trial court found that Blakeslee had failed to demonstrate a meritorious defense. The court noted that Blakeslee did not have Medicaid benefits at the time Rae-Ann Geneva provided therapy services with "the understanding that they would be paid for privately, since the only sources of payment at the time were [his] private resources." The fact that Blakeslee subsequently received Medicaid benefits which covered charges for room and board did "not retroactively strip [Rae-Ann

3

Geneva] of its right to payment for the therapy services which were provided solely on the understanding of private payment."

{¶8} The trial court further found that Blakeslee's claims were not supported either by newly discovered evidence or evidence of fraud: "Robert learned that he had Medicaid coverage on May 18, 2015. The Court did not enter judgment against him until December 30, 2015, more than seven months after Robert received notice that he had coverage. The evidence that Robert is now introducing could have been available prior to the Court's granting summary judgment if he had exercised due diligence."

{¶9} On August 31, 2017, the trial court entered a Final Judgment Entry, awarding Rae-Ann Geneva judgment in the amount of $15,603.73 with interest and costs.

{¶10} On September 13, 2017, Blakeslee filed a Notice of Appeal. On appeal, he raises the following assignment of error:

{¶11} "[1.] The Trial Court erred in denying the Motion for Relief from Judgment filed by Robert Blakeslee pursuant to Civ.R. 60(B) when it determined that Robert Blakeslee failed to satisfy all of the requirements for a successful Civ.R. 60(B) motion."

{¶12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v.*

4

*ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶13} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶14} On appeal, Blakeslee reiterates his claim that Rae-Ann Geneva is precluded from recovering that amount based on Ohio Administrative Code 5160-1-13.1(A) which provides: "[t]he medicaid payment for a covered service constitutes payment-in-full," and "[t]he provider may not collect and/or bill the consumer for any difference between the medicaid payment and the provider's charge." According to Blakeslee, by accepting payment from Medicaid for his room and board, Rae-Ann Geneva has forfeited the right to recover therapy charges directly from him: "Rae-Ann charged Blakeslee for therapy services, in addition to the room-and-board services approved by Medicaid, which constitute 'payment-in-full' in accordance with OAC 5160-1-13.1(A)." Appellant's brief at 7-8.

{¶15} Blakeslee's argument is precluded by the doctrine of res judicata and/or the proposition that a motion for relief from judgment cannot be used as a substitute for a timely appeal. *In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 34 ("[t]he doctrine of res judicata applies to a Civ.R. 60(B) motion filed as a substitute for appeal"); *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8 ("[r]es judicata prevents successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior

5

motion"). Here, Blakeslee's argument that the payment Rae-Ann Geneva received from Medicaid constituted "payment-in-full" as to all charges could have been raised prior to the original grant of summary judgment in December 2015 as well as in a direct appeal from the reinstatement of that judgment in October 2016.

{¶16} Blakeslee was aware that Rae-Ann Geneva had received Medicaid payments on his behalf as early as August 5, 2015. On that date, Rae-Ann Geneva filed with the trial court the Affidavit of its authorized representative, John Griffiths, who stated: "[T]he amount due and owing by the Defendants, Robert Blakeslee and Margaret D. Blakeslee, to the Plaintiff, Rae-Ann Geneva, Inc., was $35,203.73 at the time the Complaint in this matter was filed. Due to payments received and rate adjustments through the Medicaid program totaling $19,600.00 the current balance is $15,603.73."[1] Thus, Blakeslee was aware that Rae-Ann Geneva had received payments that potentially precluded judgment in its favor prior to the entry of the original final judgment.

{¶17} Blakeslee maintains the newly discovered evidence is evidence that "Rae-Ann never submitted invoices for therapy services to Medicaid because Rae-Ann believed that Medicaid did not cover therapy services." Appellant's brief at 10.

{¶18} On the contrary, in a Supplemental Brief in Support of 60(B) Motion, filed on July 28, 2016 (about three months prior to the reinstatement of the original final judgment), Blakeslee argued that Rae-Ann Geneva failed to "take the proper steps to inform [him] that it would not be filing Medicaid for the physical therapy services as

---

1. In a subsequent Affidavit, filed on February 29, 2016, Griffiths stated explicitly that "Medicaid covered the room and board portion of Robert Blakeslee's bill and charges for room and board have been paid in full," but Medicaid "does not provide coverage for any of the charges for therapy which make up 100% of Robert Blakeslee's remaining bill."

required" by the Ohio Administrative Code. This is essentially the same argument raised in the Motion for Relief from Judgment filed six months later. There is no reason why Blakeslee could not have raised it in a direct appeal from the October 18, 2016 Judgment Entry.

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the August 16 and 31, 2017 Judgment Entries of the Ashtabula County Court of Common Pleas, denying Blakeslee's Motion for Relief from Judgment, are affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶21} Clearly, the trial court's decision violates Ohio Adm.Code 5160-1-13.1(A), which precludes Rae-Ann from pursuing Mr. Blakeslee, since it accepted Medicaid payments for some of its services. Further, the majority ignores the evidence of Holly Hasman, a Medicaid employee, who testified to this effect.

{¶22} Since the trial court misapplied the law, I would utilize Civ.R. 60(B)(5), the "catchall" provision, to cure the error. However, this court has held that errors of law in the trial court are not cognizable under Civ.R. 60(B)(5). In *Estate of Gaul v. Lake Hosp. Sys., Inc.*, 11th Dist. Lake No. 96-L-154, 1998 WL 386188, *6 (May 22, 1998), this court

7

explained:

{¶23} "However, a Civ.R. 60(B)(5) motion may not be used to attack an alleged mistake of law by the trial court. See *McNair v. Dowler* (Dec. 20, 1991), Ashtabula App. No. 90-A-1574, unreported (Christley, J., concurring); *Hughes v. Hughes* (May 9, 1997), Portage App. No. 96-P-0196, unreported, at 12. See, also, *In re: Smith v. Bd. of Health* (June 28, 1993), Scioto App. No. 92CA-2095, unreported, at 20, 1993 Ohio App. LEXIS 3467 (holding that '(l)egal error does not constitute "mistake" under Civ.R. 60(B)(1) nor does it satisfy Civ.R. 60(B)(5) "any other reason justifying relief."' Indeed, a Civ.R.60(B)(5) motion which challenges an alleged mistake of law is, in effect, a motion to reconsider. *In re: Smith* at 19. As appellants have pointed out, such a motion to reconsider is a nullity when directed towards a final, appealable order. *Pitts*[*v. Dept. of Trans*, 67 Ohio St.2d 378 (1981),] at paragraph one of the syllabus.

{¶24} I would find our decision in *Estate of Gaul* to be in error. The decision of the trial court in this case clearly violates the governing administrative code sections, and clearly violates Mr. Blakeslee's rights. It is clearly an "other reason justifying relief."