[Cite as *Zanesville Bowling, L.L.C. v. Prindle*, 2012-Ohio-3173.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| ZANESVILLE BOWLING, LLC | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT12-0010 |
| JEFFREY B. PRINDLE, II, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Muskingum Court of
Common Pleas, Case No. CH2011-0569

JUDGMENT:                               Affirmed

DATE OF JUDGMENT ENTRY:        July 12, 2012

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MARK W. STUBBINS                       HILLARD M. ABROMS
Stubbins, Watson & Bryanm, Co., LLP     753 South Front Street
59 North Fourth St., Box 488            Columbus, OH 43206
Zanesville, OH  43702

*Gwin, J.,*

**{¶1}** Appellants Jeffrey B. Prindle, II, Kim C. Prindle and Sunrise Bowl, Inc. ["Appellants"] appeal the December 14, 2011 and January 20, 2012 judgment entries denying their extension of time to move or plead and granting appellee Zanesville Bowling, LLC's motion for default judgment in a declaratory judgment action.

## STANDARD OF REVIEW

**{¶2}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined

as provided by App. R. 11. 1. It shall be in sufficient compliance with App.

R. 12(A) for the statement of the reason for the court's decision as to each

error to be in brief and conclusionary form. The decision may be by

judgment entry in which case it will not be published in any form.

**{¶3}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983). This appeal shall be considered in accordance with the aforementioned rule.

## FACTS AND PROCEDURAL HISTORY

**{¶4}** Appellee is the owner of certain real property. Appellants are the former owners of the property who lost title because of a foreclosure action. However, appellants were also the named lessees of a portion of the premises.

**{¶5}** On or about July 15, 2011 appellee served appellants with a Notice to Terminate Tenancy. Appellants have vacated the premises.

**{¶6}** On November 4, 2011, appellee filed a complaint for a declaratory judgment declaring that the lease has been terminated and that appellants have no further rights in the premises. A process server personally served appellants on November 9, 2011. Notwithstanding appellee's request for service by the process server, the clerk of courts also sent service out by certified United States mail, which was received by the appellants on November 14, 2011.

**{¶7}** Appellants hired counsel who requested an extension from the original deadline of December 7, 2011. Appellee informed appellants' counsel that it would agree to an extension to December 12, 2011; however, appellee would not consent to an extension beyond that date.

**{¶8}** On December 13, 2011, appellants filed a motion for an extension of time to January 11, 2012 to file an answer. Appellants did not submit a proposed answer with the motion. Also on December 13, 2011, appellee filed a Motion for Default Judgment and Motion to Deny Request for Extension of Time.

**{¶9}** The trial Court denied appellants' request for an extension of time to file an answer by judgment entry filed December 14, 2011. Also on that date, the trial court granted appellee's motion for default judgment.

**{¶10}** In granting judgment against appellants, the trial court noted that appellants' "motion for an extension was filed after their answer deadline, but [appellants] failed to demonstrate or allege excusable neglect as required."

{¶11} On January 11, 2012, appellants filed a Motion for Leave to File Answer *Instanter,* attaching a proposed answer, generally denying the allegations. The trial court overruled appellants' request by judgment entry filed January 20, 2012.

{¶12} Appellants filed a notice of appeal in this court on February 21, 2012 appealing the trial court's entries of December 14, 2011 and January 20, 2012.

*ASSIGNMENTS OF ERROR*

{¶13} Appellants raise the following two assignments of error,

{¶14} "I. WHETHER THE TRIAL COURT'S DENIAL OF EXTENSION OF TIME TO MOVE OR PLEAD WAS AN ABUSE OF DISCRETION.

{¶15} "II. WHETHER COUNTY CLERK'S FAILURE TO TIMELY SERVE TRIAL COURT'S JOURNAL ENTRY GRANTING SUMMARY JUDGMENT [SIC.] WAS DENIAL OF DUE PROCESS TO DEFENDANTS."

I.

{¶16} Appellants claim the trial court abused its discretion in denying their motion for an extension of time to file their answer. We disagree.

{¶17} Civ. R. 6 governs extensions of time and provides, in pertinent part:

(B) *Time: extension*

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the

expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D), and Rule 60(B), except to the extent and under the conditions stated in them.

**{¶18}** Civ.R. 12(A)(1) expressly provides that "(t)he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." Hence, appellants in this case were required to file an answer or to request an extension on or before December 7, 2011.

**{¶19}** The granting or denial of a motion for extension of time is within the discretion of the trial court and the trial court's decision will not be disturbed on appeal unless the court abused its discretion. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude of the trial court. *Ruwe v. Board of Springfield Township Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957(1987); see, *Sgro v. McDonald's Restaurant*, 21 Ohio App.3d 41, 42, 486 N.E.2d 157(1984).

**{¶20}** The standard for "abuse of discretion" is defined as more than error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. *State, ex rel. Cook, v. Zimpher*, 17 Ohio St.3d 236, 240, 479 N.E.2d 263, 266(1985); *State v. Maurer*, 15 Ohio St.3d 239, 250, 473 N.E.2d 768, 780(1984); and *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875, 877(1984).

**{¶21}** In the case at bar, the trial court noted that the answer date for appellants was December 7, 2011. Although appellee may have agreed to appellants filing a "late" answer on December 12, 2011, appellant did not. Rather, appellant filed a request to

extend the answer deadline another 30 days. The trial court therefore considered the appellant's request under Civ.R. 6(B)(2) which provides that such a late filing can only be accomplished "upon motion" and "where the failure to act was the result of excusable neglect."

**{¶22}** Nowhere by motion, memorandum or argument does appellant advance a reason for failing to file an answer that would constitute "excusable neglect." "Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected [them] to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits." *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752(1980).

**{¶23}** Clearly, the request for leave was untimely. Pursuant to the civil rules and *Miller,* we find the trial court did not abuse its discretion in denying appellant's motion for a thirty-day extension to file an answer.

**{¶24}** Appellants' first assignment of error is overruled.

II.

**{¶25}** On March 1, 2012, appellee filed a motion to dismiss this appeal for lack of jurisdiction contending that the time to appeal the trial court's December 14, 2011 judgment entry had expired. Appellants filed a response. By judgment, entry filed March 16, 2012, this court found that it would address the issue of service of the trial court's December 14, 2011 judgment entry on the merit review and invited the parties to address the issue in their respective briefs.

**{¶26}** In response to appellee's motion, appellants' counsel "swears and affirms that he never received a timely copy of the December 14, 2011 Default Judgment Entry until January 25, 2012."

**{¶27}** Accordingly, we find under the facts of this case that appellants' appeal was timely filed.

**{¶28}** Appellee's motion to dismiss is therefore overruled.

**{¶29}** For the forgoing reasons, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

WSG:clw 0620

[Cite as *Zanesville Bowling, L.L.C. v. Prindle*, 2012-Ohio-3173.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ZANESVILLE BOWLING, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY B. PRINDLE, II, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. CT12-0010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS