[Cite as *Fontain v. Sandhu*, 2021-Ohio-2750.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARCUS FONTAIN, | : | APPEAL NO. C-200011 |
| | | TRIAL NO. A-1901296 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| HARJINDER SANDHU, | : | |
| | | |
| JASREEN K. SANDHU, | : | |
| | | |
| H&R CINCY PROPERTIES, LLC, | : | |
| | | |
| JEFFREY S. LANE, | : | |
| | | |
| APRIL L. LANE, | : | |
| | | |
| PRODIGY PROPERTIES, LLC, | : | |
| | | |
| BRIAN J. O'CONNEL, | : | |
| | | |
| and | : | |
| | | |
| ZACHARY D. PRENDERGAST, | : | |
| | | |
| Defendants-Appellees, | : | |
| | | |
| and | : | |
| | | |
| WESTFIELD INSURANCE COMPANY, | : | |
| et al., | | |
| | : | |
| Defendants. | | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  August 11, 2021

*Marcus Fontain*, pro se,

*Strauss Troy Co., LPA*, and *Brian J. O'Connell*, for Defendants-Appellees Harjinder Sandhu, Jasreen Sandhu, Brian J. O'Connell and H&R Cincy Properties, LLC,

*Robbins, Kelly, Patterson, & Tucker* and *Zachary D. Prendergast*, for Defendants-Appellees Prodigy Properties, Jeffrey S. Lane, April L. Lane and Zachary D. Prendergast.

**ZAYAS, Presiding Judge.**

{¶1}   Plaintiff-appellant Marcus Fontain appeals from the judgments of the Hamilton County Court of Common Pleas, which dismissed his second amended complaint against defendants-appellees Harjinder Sandu, Jasreen Sandu, H&R Cincy Properties, LLC, Jeffrey Lane, April Lane, Prodigy Properties, LLC, Brian O'Connell and Zachary Prendergast.   For the following reasons, we affirm the judgments of the trial court.

## Background and Procedural History

### *Case No. A-1705644*

{¶2}   In October of 2017, a complaint was filed against plaintiff-appellant Marcus Fontain, and other defendants, alleging illegal actions involving a condominium association.  Plaintiffs in that action moved for the appointment of a receiver to take control of the association and manage the property during the litigation.   On August 10, 2018, the trial court in that case appointed Prodigy Properties as the receiver.  In relevant part, the entry stated:

> Except for an act of gross negligence or willful misconduct, the Receiver and all persons engaged by or employed by the Receiver shall not be liable for any loss or damage incurred by the [association], or any other person, by reason of any action or omission by the Receiver or any person engaged or employed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities in this matter.  No person or entity may file suit against the Receiver, its employees, agents, or its attorneys, or take any action against the Receiver or the Receiver's bond, without first obtaining an order of this Court permitting the suit or action upon motion and an evidentiary

hearing; provided, however, that no prior court order is required to file a motion in this action to enforce the provisions of this Order or any other order of this Court in this action.

{¶3} Shortly after the receiver was appointed, the parties entered into a settlement agreement. As part of the settlement agreement, the parties agreed that the receivership would end on February 11, 2019. The receiver was not a party to this agreement. Subsequently, the trial court entered an order on September 26, 2018, dismissing all claims against all defendants, except for the claims against Cinvexco, LLC. The trial court's entry expressly left those claims pending. The entry also stated:

> In addition, the Order granting Plaintiff's Motion for Appointment of a Receiver, entered on August 10, 2018, shall remain in effect to and including February 11, 2019, at which time the Receiver shall make his final report to the Court, and the parties shall submit to the Court a Final Entry.

{¶4} The plaintiffs and the receiver subsequently filed respective motions to extend the receivership. On February 13, 2019, the trial court extended the receivership "until further order of the court." The trial court ultimately terminated the receivership in its final entry on September 12, 2019. In relevant part, the entry stated:

> The court finds that all of the actions and inactions of the Receiver, as well as the actions and inactions of its employees, agents, contractors, consultants, accountants, and attorneys, in preserving, managing, and administering the Receivership were consistent with and within the scope of the powers and duties of the Receiver under

4

R.C. Chapter 2735, this Court's orders, and Ohio law generally. The Court further finds that all of the actions and inactions of the Receiver, as well as the actions and inactions of its employees, agents, contractors, consultants, accountants, and attorneys, in preserving, managing, and administering the Receivership, were proper, reasonable, necessary, and were of direct benefit to the Receivership and all parties to this action. The court further finds that the Receiver, as well as its employees, agents, contractors, consultants, accountants, and attorneys, have acted in good faith, with all due ordinary care, and consistent with sound business judgment, in all respects concerning the Receivership.

{¶5} On October 9, 2019, defendants in that action appealed the trial court's final entry, arguing only that the trial court erred in requiring the dismissed defendants to pay the costs of the receiver incurred after February 11, 2019.[1] The assignment of error was sustained, and the cause was remanded to the trial court to reassess fees. For ease of reading, this cause will be referred to as the "receivership action."

*The Current Action*

{¶6} On March 12, 2019, after the trial court extended the receivership but before the entry of final judgment in the receivership action, Fontain filed a complaint and initiated the present case. The complaint was filed against Harjinder Sandhu, Jasreen Sandhu, H&R Cincy Properties, LLC, Jeffrey Lane, April Lane, Prodigy Property, LLC, Brian O'Connell, Zachary Prendergast, and "Does 1-11."

---

[1] *H&R Cincy Properties, LLC v. Fontain*, 1st Dist. Hamilton Nos. C-190574, C-190575, C-190583 and C-190584, 2021-Ohio-516.

Harjinder Sandhu and H&R Cincy Properties, LLC, were both plaintiffs in the prior action. Jasreen Sandhu is the wife of Harjinder Sandhu, and Brian O'Connell represented the plaintiffs in the receivership action. Prodigy Properties, LLC, was the receiver appointed in the receivership action. Jeffrey Lane and April Lane are husband and wife and are employees of the receiver. Zachary Prendergast is the attorney for the receiver.

{¶7} The complaint alleged claims for (1) fraud, (2) breach of written contract, (3) breach of implied contract, (4) breach of implied covenant of good faith and fair dealing, (5) unjust enrichment, (6) an accounting, (7) breach of fiduciary duty, (8) abuse of process, (9) negligence, (10) fraudulent concealment, (11) defamation, (12) civil conspiracy, (13) collusion, (14) malicious prosecution, (15) inducing breach of contract, (16) intentional interference with contractual relations, (17) breach of the implied covenant of good faith, (18) aiding and abetting a breach of fiduciary duty, (19) engaging in self-dealing transactions, and (20) declaratory judgment and injunctive relief.

{¶8} On March 18, 2019, Fontain filed an amended complaint against the same defendants with the same claims. On April 3, 2019, Fontain filed a second amended complaint.[2]

{¶9} Harjinder Sandhu, Jasreen Sandhu, H&R Cincy Properties, LLC, and Brian O'Connell (the "Sandhu defendants") filed a motion to dismiss the second amended complaint on May 8, 2019, arguing that the complaint was an impermissible collateral attack on the receivership action. Prodigy Properties, LLC,

---

[2] The second amended complaint added three new defendants and three new claims related to those defendants. Those same three defendants were later voluntarily dismissed from the action and are not involved in this appeal.

Jeffrey Lane, April Lane, and Zachary Prendergast (the "receiver defendants") filed a motion to dismiss the second amended complaint on May 14, 2019, arguing that Ohio law prevented Fontain from filing suit against the receiver and its agents without leave of the appointing court. Fontain filed a combined response to the motions to dismiss on June 3, 2019.

{¶10} The Sandhu defendants and the receiver defendants filed a supplemental joint memorandum in support of their respective motions to dismiss on November 27, 2019. The memorandum asked the court to grant the motions to dismiss or, alternatively, to stay the proceedings pending the appeal in the receivership action. Fontain filed a request for an extension of time to file a response on December 11, 2019.

{¶11} On December 13, 2019, without ruling on Fontain's motion for an extension of time to file a response, the trial court entered an order granting the receiver defendants' motion to dismiss, finding that the claims constituted a collateral attack on the judgment entered in the receivership action and finding that the claims were barred because Fontain failed to seek leave from the appointing court to file suit against the receivers. That same day, the trial court entered an order granting the Sandhu defendants' motion to dismiss, finding that the claims constituted a collateral attack on the judgment entered in the receivership action.

{¶12} Fontain filed a notice of appeal with this court on January 10, 2020. Subsequently, Fontain filed a motion for relief from judgment under Civ.R. 60(B) in the trial court on May 4, 2020. Consequently, this court remanded the cause to the trial court to consider the motion. On August 25, 2020, the trial court entered an order denying the motion.

**Law and Analysis**

*Nonconforming Brief Regarding Certain Assignments of Error*

{¶**13**} " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job and Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).  Pro se appellants are required to comply with the rules of practice and procedure just like members of the bar.  *Curry v. Mansfield*, 5th Dist. Richland No. 2020 CA 0005, 2020-Ohio-4125, ¶ 6, quoting *Hardy v. Belmont Correctional Inst.*, 10th Dist. Franklin No. 06AP-116, 2006-Ohio-3316, ¶ 9.  Fontain raises 12 assignments of error for our review in this pro se appeal; however, several of the assignments of error fail to conform to the Ohio Rules of Appellate Procedure.  In the interest of fairness and justice, we will entertain all cognizable arguments presented.  However, some of the assignments of error will not be addressed for the ensuing reasons.

{¶**14**} In his fifth assignment of error, Fontain merely asserts general statements regarding alleged actions in the prior receivership case.  He fails to present any cognizable argument of error by the trial court in this case.  An appellate court may disregard an assignment of error presented for review "if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2); App.R. 16(A); *see Smith v. Wayne Cty. Dept. of Human Servs.*, 9th Dist. Wayne No. 02CA0013, 2003-Ohio-364, ¶ 40.  Therefore, this assignment of error will be disregarded.

**{¶15}** In his eighth assignment of error, Fontain argues that appellees' motions to dismiss in this case amounted to a collateral attack on the receivership court's judgment. However, he fails to list the reasons in support of his contentions, with citations to authorities, statutes, and parts of the record on which he relies, as required by App.R. 16(A)(7). While he cites to authority that states generally what a collateral attack is, he does not apply the facts in this case to that authority to show how the doctrine would apply to the motions as he claims. The appellant has the burden on appeal. *Pietrangelo v. Lorain Cty. Pr. & Pub. Co.*, 2017-Ohio-8783, 100 N.E.3d 1028, ¶ 23 (9th Dist.), citing *State v. Stevenson*, 9th Dist. Summit No. 24408, 2009-Ohio-2455, ¶ 21. An appellate court will not create an argument in support of an assignment of error where an appellant fails to develop one. (Citations omitted.) *State v. Franks*, 2017-Ohio-7045, 95 N.E.3d 773, ¶ 16 (9th Dist.). Therefore, we decline to address this assignment of error.

**{¶16}** In the eleventh assignment of error, Fontain lists several motions filed with the court below that never received rulings and asserts that the trial court committed prejudicial error by not ruling on those motions. Initially, we note that we presume a court denied a motion if it fails to rule upon it. (Citation omitted.) *In re C. Children*, 1st Dist. Hamilton Nos. C-190650 and C-190682, 2020-Ohio-946, ¶ 18. Additionally, Fontain failed to set forth any argument as to why the denial of these motions was improper or prejudicial. As discussed above, an appellate court will not create an argument in support of an assignment of error where an appellant fails to develop one. *Franks* at ¶ 16. Therefore, we decline to address this assignment of error.

**{¶17}** Fontain's second, third, fourth, sixth and seventh assignments of error essentially argue in some general way that the trial court erred in granting the

appellees' respective motions to dismiss all the claims against them. We find a somewhat cognizable argument as to why the trial court erred in dismissing the claims against the receiver defendants and will attempt to address that argument below. However, we decline to address any argument that the trial court erred in granting the Sandhu defendants' motion to dismiss. Much like the previously discussed assignments of error, Fontain failed to develop any argument for why the court erred in dismissing the claims against those defendants. Fontain only asserted a general allegation that the filed motion did not meet the requirements for dismissal under Civ.R. 12(B)(6). Fontain's complaint contained 19 claims that would apply to at least one of the Sandhu defendants, but he failed to make any argument as to why any of these specific claims would not be barred by the collateral-attack doctrine as found by the trial court. Thus, Fontain failed to list the specific reasons in support of his contentions, with citations to the authorities, statutes, and parts of the record on which he relies, as required by App.R. 16(A)(7).

{¶18} Again, it is the appellant's burden to affirmatively demonstrate error on appeal. (Citation omitted.) *Village of South Russel v. Upchurch*, 11th Dist. Geauga Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, ¶ 10. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." (Citations omitted.) *State v. Watson*, 126 Ohio App.3d 316, 343, 710 N.E.2d 340 (12th Dist.1998). We may disregard any assignment of error that fails to comply with App.R. 16(A)(7). *Parkman Properties, Inc. v. Tanneyhill*, 11th Dist. Trumbell No. 2007-T-0098, 2008-Ohio-1502, ¶ 44, citing *Village of South Russel* at ¶ 44. Therefore, we disregard any assignment of error claiming the trial court erred in dismissing the claims against the Sandhu defendants.

*First Assignment of Error*

{¶19} In his first assignment of error, Fontain essentially argues that the trial court exceeded its authority in considering matters outside the record and taking judicial notice of the receivership action, and that, by impermissibly considering matters outside the pleadings, the trial court converted the motions to dismiss to motions for summary judgment without notice to the parties.

{¶20} "While a trial court ordinarily errs when it considers matters outside the pleadings when ruling on a Civ.R. 12(B)(6) [motion to dismiss], courts have applied an exception when the outside evidence consists of court documents readily available online." *Varney v. Allen*, 4th Dist. Ross No. 16CA3543, 2017-Ohio-1409, ¶ 16, citing *Draughon v. Jenkins*, 4th Dist. Ross No. 16CA3528, 2016-Ohio-5364, ¶ 26. Additionally, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a summary-judgment motion. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10; s*ee also State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26; *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170 (1996).

{¶21} Thus, the trial court was permitted to consider the documents from the receivership action when ruling on the motions to dismiss and, in doing so, did not convert the motions to motions for summary judgment. Therefore, this assignment of error is overruled.

*Assignments of Error Regarding Claims Against the Receiver Defendants*

{¶22} We review dismissals for failure to state a claim de novo. (Citation omitted.) *Zalvin v. Alyers*, 2020-Ohio-4021, 157 N.E.3d 256, ¶ 13 (1st Dist.). When considering a motion to dismiss, the court must presume all the factual allegations in

11

the complaint are true and must make all reasonable inferences in favor of the nonmoving party, but the court is not required to presume the truth of conclusions in the complaint that are unsupported by factual allegations. (Citation omitted.) *Id.* It must appear beyond doubt that the nonmoving party can prove no set of facts which would entitle him or her to relief before the court may grant the motion to dismiss. (Citation omitted.) *Id.*

{¶23} "It is well established that a receiver 'is appointed to maintain the statute quo regarding the property in controversy and to safeguard said property from being dissipated while the plaintiff is pursuing his remedy.' " *Milo v. Curtis*, 100 Ohio App.3d 1, 9, 651 N.E.2d 1340 (9th Dist.1994), quoting *In re Gourmet Servs, Inc.*, 142 B.R. 216, 218 (Bankr.S.D.Ohio 1992). It is also well settled that "a receiver cannot be sued, in the absence of statutory authority, without leave of the court that appointed him." *Bancohio Nat. Bank v. Southland Lanes, Inc.*, 3d Dist. Seneca No. 13-87-10, 1988 WL 46193, *3 (May 12, 1998).

> As court-appointed officers, receivers enjoy protections when following courts' orders. Some courts have classified receivers' functions as being quasi-judicial in nature and have granted receivers immunity for performing acts in obedience to courts' orders. 'Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver.' Other courts, including the Ohio Supreme Court, have held that a receiver can only be sued in his or her official capacity for actions taken under a court's order: "His capacity * * * of * * * being sued 'as receiver' * * * is plainly distinguishable from that of a

12

personal character. * * * [S]atisfaction of judgments against him can be obtained only from the fund in his hands as receiver as directed by the court appointing him."

But a receiver also has a personal duty to faithfully discharge his or her duties and to obey the orders of the court. The receiver acts in a fiduciary capacity and must use ordinary care in administering the assets of the corporation. If the receiver exceeds the authority granted by the court or fails to use ordinary care, the general rule is that he or she may be sued in a personal capacity. This proposition, which surprisingly has not received much attention in Ohio, is general hornbook law.

(Citations omitted.) *INF Ent., Inc. v. Donnellon*, 133 Ohio App.3d 787, 788-789, 729 N.E.2d 1221 (1st Dist.1999).

{¶24} Fontain did not seek leave of the appointing court to file his claims against the receiver. Additionally, the trial court's final entry in the receivership case determined that the actions of the receiver, its employees, agents, contractors, consultants, accountants, and attorneys were (1) consistent with and within the scope of the receiver's powers and duties, (2) proper, reasonable, necessary, and of direct benefit to the receivership and all parties to the action, and (3) in good faith with all due ordinary care, and consistent with sound business judgment. Therefore, any subsequent claims against the receiver, its employees, or attorneys would be a collateral attack on the trial court's final judgment.

{¶25} The Supreme Court has described a collateral attack as " 'an attempt to defeat the operation of a judgment in a proceeding where some new right derived from or through the judgment is involved.' " (Citation omitted.) *Ohio Pyro, Inc. v.*

13

*Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 16. The doctrine applies to both parties and nonparties to the previous proceeding. *Id.* at ¶ 35. "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reason." *Id.* at ¶ 9. Because of the longstanding principal that judgments are meant to be final, "collateral or indirect attacks are disfavored and * * * will succeed only in certain very limited situations." (Citations omitted.) *Id.* at ¶ 22.

> In general, a collateral attack on a judgment is actually an attack on the *integrity* of the judgment. The merits of the previous judgment are not at issue in such a situation—only the fundamental validity of the previous judgment is at issue. Consequently, the collateral-attack doctrine contains elements of the same considerations that come into play when considering whether a particular judgment is void or voidable. When a judgment is issued without jurisdiction or was procured by fraud, it is void and is subject to collateral attack. But in the absence of those fundamental deficiencies, a judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack.

(Citations omitted.) (Emphasis sic.) *Id.* at ¶ 25. Therefore, "a collateral attack on a judgment issued by a different court in a civil case will succeed only when the first ruling was issued without jurisdiction or was the product of fraudulent conduct." *Id.* at ¶ 37.

{¶26} Fontain appears to argue that the trial court's September 26, 2018 order in the receivership action was a final order and therefore the court was devoid

14

of jurisdiction to enter its September 12, 2019 order. However, the court's entry on September 26, 2018, expressly left the claims against Cinvexco, LLC, pending and did not actually discharge the receiver.

> In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims or the rights or liabilities of fewer than all the parties, *shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added.) Civ.R. 54(B).

**{¶27}** Because the entry left the claims against Cinvexo, LLC, pending and did not discharge the receiver or determine the action with respect to the assets concerned, the order was not a final order. *See Whipps v. Ryan*, 10th Dist. Franklin Nos. 10AP-167 and 10AP-168, 2011-Ohio-3300, ¶ 9 ("While the order approving a receiver's final report and approving the definitive disposition of assets is a final appealable order, * * *, an interim report setting values or otherwise covering ongoing administration of the assets is not." (Citations omitted.)) Thus, the order was interlocutory and was subject to revision at any time before the entry of final judgment. *See* Civ.R. 54(B). Therefore, the court maintained its jurisdiction to enter the February 13, 2019 and September 12, 2019 orders.

**{¶28}** There is also no indication in the record that the trial court's final entry in the receivership action was issued as the product of fraud. Fontain's claims against the receiver defendants directly conflict with the trial court's final entry in

15

the receivership action and can only be characterized as an impermissible collateral attack on the trial court's September 12, 2019 entry in the receivership action. Therefore, any assignments of error asserting that the trial court erred in granting the receiver defendants' motion to dismiss are overruled.

### Ninth Assignment of Error

**{¶29}** In his ninth assignment of error, Fontain argues that the doctrines of res judicata and collateral estoppel barred defendants-appellees' respective motions to dismiss. "The doctrine of res judicata provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the parties or those in privity with them." *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 15, citing *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13. Collateral estoppel, also known as issue preclusion, is encompassed within the doctrine of res judicata. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Res judicata is an affirmative *defense*. (Emphasis added.) *See* Civ.R. 8(b). Thus, both doctrines upon which Fontain relies apply to bar subsequent *claims*. Defendants-appellees did not assert any claims in this case. Therefore, this assignment of error is overruled.

### Tenth Assignment of Error

**{¶30}** In his tenth assignment of error, Fontain argues that the trial court erred by granting the motions to dismiss without ruling on his motion for an extension of time to file an opposition to the supplemental joint memorandum filed by defendants-appellees on November 27, 2019.

**{¶31}** If a court fails to rule upon a motion, we presume the court denied it. (Citation omitted.) *In re C. Children*, 1st Dist. Hamilton Nos. C-190650 and C-

16

190682, 2020-Ohio-946, at ¶ 18.  The decision whether to grant or deny a motion for an extension of time is within the sound discretion of the trial court and will not be disturbed on appeal unless the court abused its discretion.  *Zanesville Bowling, L.L.C. v. Prindle*, 5th Dist. Muskingum No. CT12-0010, 2012-Ohio-3173, ¶ 19.  "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude of the trial court."  (Citations omitted.)  *Id.*

{**¶32**}  The supplemental joint memorandum filed on November 27, 2019, was a brief, two-page document that briefly repeated the same arguments already presented in the previous motions.  It also alerted the court that Fontain had filed an appeal in the receivership case.  The memorandum then asked the court to grant each respective motion to dismiss or, alternatively, to stay the proceedings pending resolution of the appeal.  The memorandum did not present any new substantive arguments that would be pertinent for Fontain to respond to.  Thus, it was not unreasonable for the trial court to deny Fontain's motion for an extension of time to respond.  Therefore, the trial court did not abuse its discretion and this assignment of error is overruled.

*Twelfth Assignment of Error*

{**¶33**}  In his twelfth assignment of error, Fontain argues that the trial court erred by failing to hold an evidentiary hearing on his Civ.R. 60(B) motion for relief from judgment.  A trial court abuses its discretion when it does not grant a request for a hearing on a Civ.R. 60(B) motion only "where the movant alleges operative facts which would warrant relief under Civ.R. 60(B)."  (Citation omitted.)  *Soc. Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418, 579 N.E.2d 234 (9th Dist.1989).  "Operative facts are those which if proven would give rise to a meritorious defense."  *Id.*  "The evidentiary materials must present operative

17

facts and not mere general allegations to justify relief." *Id.*, citing *Hornyyak v. Brooks*, 16 Ohio App.3d 105, 106, 474 N.E.2d 676 (8th Dist.1984).

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

{¶34} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceedings was entered or taken." (Citations omitted.) *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

{¶35} We initially note that Fontain did not assert any arguments in his brief to this court on what operative facts were presented to the trial court that showed he

was entitled to relief from judgment under Civ.R. 60(B). In his motion to the trial court, Fontain asserted that he was entitled to relief under Civ.R. 60(B)(3). He asserted that defendants-appellees' respective motions to dismiss contained "patently false" statements to the court. More specifically, he pointed to the following statements contained within the motions and asserted that the statements constituted fraud on the court: (1) the allegation that the initial lawsuit remained pending; (2) the allegation that he was seeking to relitigate an issue which was already decided or was still before the court in the prior receivership action; (3) the allegation that the prior case was a "receivership action"; (4) the allegation that he was essentially asking the trial judge in the instant action to reverse the decisions of the judge in the receivership action; (5) the allegation that his second amended complaint was a collateral attack on the trial court's orders in the receivership case; (6) the allegation that he did not file a notice of appeal of the orders in the receivership action; (7) the allegation that he is attempting to interfere with the receivership action by filing this action; and (8) the allegation that he is enjoined from maintaining this action because he did not obtain leave of the court in the receivership case prior to filing it.

{¶36} These statements are legal arguments or assertions that would not constitute fraud on the court, even if they were inaccurate. *See Brunner Firm Co. L.P.A. v. Bassard*, 10th Dist. Franklin No. 07AP-867, 2008-Ohio-4684, ¶ 21 ("To show fraud or misconduct, something more than a merely inaccurate legal argument must be demonstrated.") Thus, these assertions do not amount to operative facts that would warrant relief under Civ.R. 60(B).

{¶37} All remaining arguments within Fontain's motion for relief from judgment were general arguments that the trial court erred by granting the

19

defendants-appellees' motions to dismiss. "It is axiomatic that Civ.R. 60(B) cannot be used as a substitute for appeal." (Citation omitted.) *In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 34. Thus, Fontain failed to allege operative facts in his motion for relief from judgment that would warrant relief under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion by ruling on the Civ.R. 60(B) motion without holding a hearing. Accordingly, this assignment of error is overruled.

## Conclusion

{¶38} Having disregarded or overruled all the assignments of error, we affirm the judgments of the trial court.

Judgments affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.