**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0981n.06

**No. 10-3365**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 06, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FAIR HOUSING RESOURCES CENTER, INC., | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff - Appellant, | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| DJM'S 4 REASONS LTD.; DUDLEY | ) | OPINION |
| MURPHY, | ) | |
| | ) | |
| Defendants - Appellees. | | |

Before: SILER, MCKEAGUE, and STRANCH, Circuit Judges.

**PER CURIAM.** Fair Housing Resource Center (FHRC) appeals from a judgment entered in favor of DJM's 4 Reasons LTD and its owner, Dudley Murphy, following a jury trial on whether the defendants made discriminatory statements based on handicap in connection with rental housing in violation of the Fair Housing Act (FHA), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(c). We AFFIRM.

## I. FACTS

FHRC is a non-profit fair housing advocacy organization in Lake County, Ohio. Patricia Kidd is FHRC's Executive Director and Paul Tate is the Program Manager. Dudley Murphy owns DJM's 4 Reasons LTD, through which he owns and manages seven rental cottages.

Tate noticed newspaper advertisements for rental property that stated "no pets." To determine whether the landlord was in compliance with fair housing laws, Tate utilized the services

of four trained testers to conduct two tests. In each of these tests, one tester played the role of a non-disabled prospective tenant. During the first test, the second tester played the role of a person with a mental disorder who needed the assistance of an emotional support dog prescribed by a doctor. During the follow-up test, the second tester played the role of a person seeking to rent property for a brother who was visually impaired and needed a seeing-eye dog. These tests revealed that Murphy was the landlord, acting on behalf of his company, DJM's 4 Reasons. During the tests, Murphy emphasized his no-pets policy to the prospective tenants by making such statements as: "You told me you didn't have a pet"; "is the animal a dog?"; "does the dog live with you all the time?"; "well, that's my definition of a pet"; "The ad said 'no pets,'" and "it is a pet and I'm not going to allow it."

Following these tests, FHRC filed a complaint of disability discrimination in housing against DJM's 4 Reasons LTD with the Ohio Civil Rights Commission. FHRC also filed this suit, which resulted in a jury verdict in favor of DJM's 4 Reasons LTD.

## II. ANALYSIS

FHRC raises four arguments on appeal: the jury instructions were erroneous, the district court improperly granted judgment as a matter of law in favor of Murphy, the court erred in refusing to admit some of FHRC's exhibits, and the court erred in refusing to admit some of FHRC's evidence on damages. Because we affirm, we do not consider the latter two issues in any depth.

We review jury instructions as a whole to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law to assist the jury in reaching its decision. *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 273–74 (6th Cir. 2009). Issues about the substance of jury instructions are questions of law that we review *de novo*; we review a district court's refusal to give a particular requested instruction for abuse of discretion. *Id.*

2

Although FHRC's complaint alleged various legal claims against the defendants, FHRC tried to the jury only the statement claims under federal and state law. The applicable federal statute provides that it is unlawful for any person to make a statement with respect to the rental of a dwelling "that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c). Similarly, Ohio law provides that it is an unlawful discriminatory practice for any person to make any statement relating to the rental of any housing accommodation "that indicates any preference, limitation, specification, or discrimination based upon . . . disability . . . or an intention to make any such preference, limitation, specification, or discrimination." Ohio Rev. Code § 4112.02(H)(7). Because Ohio courts interpret the state statute under analogous federal law, *Ohio Civil Rights Comm'n v. Harlett*, 724 N.E.2d 1242, 1244 (Ohio Ct. App. 1999), we consider FHRC's federal and state claims together.

To prevail under § 3604(c), FHRC was required to prove that the defendant made a statement, the statement was made with respect to the rental of a dwelling, and the statement indicated a preference, limitation, or discrimination based on handicap. *See Campbell v. Robb*, 162 F. App'x 460, 466–67 (6th Cir. 2006). FHRC contends that § 3604(c) is a strict liability statute rendering the defendant's intent irrelevant. That position, however, is at odds with our established law. We have previously explained that a plaintiff may prove a § 3604(c) violation in one of two ways: by proof that the defendant made the statement with the actual intent to discriminate, if proof of actual intent exists, or by proof that an "ordinary listener" would naturally interpret the statement as indicating a preference for or against a protected group or as indicating some other limitation or discrimination against a protected group. *See Hous. Opportunities Made Equal, Inc. v. Cincinnati*

3

*Enquirer, Inc.*, 943 F.2d 644, 646 (6th Cir. 1991); *Campbell*, 162 F. App'x at 466. *Accord Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir. 1991); *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972); *Jancik v. HUD*, 44 F.3d 553, 556 (7th Cir. 1995); *S. Cal. Hous. Rights Ctr. v. Krug*, 564 F.Supp.2d 1138, 1151 (C.D. Cal. 2007). The "ordinary listener" standard is objective, *Jancik*, 44 F.3d at 556, and the "ordinary listener" is "neither the most suspicious nor the most insensitive" citizen. *Ragin*, 923 F.2d at 1002. When applying the "ordinary listener" test, context is relevant to assist the factfinder in determining "the manner in which a statement was made and the way an ordinary listener would have interpreted it." *Soules v. HUD*, 967 F.2d 817, 825 (2d Cir. 1992) (citing *Ragin*, 923 F.2d at 1000); *Jancik,* 44 F.3d at 556. The statements Murphy made to the testers about his blanket "no pets policy" were not facially discriminatory, and after hearing the testers and Murphy testify about the context of their communications, the jury returned its verdict in favor of the defense.

We agree with FHRC that the jury instructions given by the district court were not a model of clarity. But because the jury had a basis from which to decide whether Murphy's statements were discriminatory, we conclude that any error was harmless. *See Bridgeport Music, Inc.*, 585 F.3d at 274. Moreover, FHRC's proposed jury instructions were not especially helpful to the district court. Particularly, proposed Jury Instruction No. 25 did not correctly reflect the trial evidence or state the law applicable to a § 3604(c) claim, and proposed Jury Instruction No. 33 referred to an inapplicable § 3604(a) claim and did not properly explain the "ordinary listener" standard. Therefore, the district court did not abuse its discretion in refusing to give the instructions as proposed. *See Gunter*, 551 F.3d at 484.

FHRC also argues that the district court should have instructed the jury under section 3604(f)(3) that discrimination based on disability includes a defendant's failure to make a reasonable accommodation to afford a disabled person an equal opportunity to use and enjoy a dwelling. By its express terms, however, that statute relates to the elements of a § 3604(f)(3)(B) claim. FHRC voluntarily abandoned its § 3604(f)(3)(B) claims before trial and has not cited any cases concerning use of § 3604(f)(3)(B) in a case presenting a § 3604(c) statement claim. Because we affirm the jury's finding on liability, we need not discuss the merits of the punitive damages instruction.

Finally, we agree with FHRC that the prohibitions of § 3604(c) applied to Murphy individually as well as to his company, DJM's 4 Reasons. *See* 24 C.F.R. §§ 100.20(b), 100.75(b); *United States v. Space Hunters, Inc.*, 429 F.3d 416, 424 (2d Cir. 2005). For this reason, the district court should not have granted judgment as a matter of law to Murphy. We will not reverse on this ground, however, because Murphy's testimony about his actions as owner of the company persuaded the jury to return a verdict in the company's favor and it is unlikely on this record that a jury would reach a different verdict on remand. We have considered FHRC's remaining claims regarding admissibility of evidence and find that our disposition of those claims would not alter our affirmance.

### III. CONCLUSION

Accordingly, the judgment of the district court is **AFFIRMED.**

5