[Cite as *V.T. Larney, Ltd. v. Ohio Civ. Rights Comm.*, 2023-Ohio-3123.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| V.T. LARNEY LTD., et al., | **CASE NO. 2022-T-0112** |
| Appellants, | |
| - vs - | Administrative Appeal from the Court of Common Pleas |
| OHIO CIVIL RIGHTS COMMISSION, et al., | Trial Court No. 2021 CV 00704 |
| Appellees. | |

**O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed in part and reversed in part; remanded

*Paul M. Greenberger* and *Majeed G. Makhlouf*, Berns, Ockner & Greenberger, LLC, 3733 Park East Drive, Suite 200, Beachwood, OH 44122 (For Appellants).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; *David A. Oppenheimer* and *Adrian C. Feiertag*, Assistant Attorneys General, 615 West Superior Avenue, 11th Floor, Cleveland, OH 44113 (For Appellee, Ohio Civil Rights Commission).

*Donna Sargeant*, pro se, 147 Youngstown Hubbard Road, Apt. 2, Hubbard, OH 44425 (Appellee).

MARY JANE TRAPP, J.

{¶1}   Appellants, V.T. Larney Ltd., Equity Management LLC, and Vince T. Larney ("Mr. Larney") (collectively, "the appellants"), appeal the judgment of the Trumbull County Court of Common Pleas, in which the court found that the final order of appellee, Ohio Civil Rights Commission ("the commission"), is supported by reliable, probative, and substantial evidence and dismissed the appellants' petition for judicial review.   The

commission's final order directed the appellants to cease and desist from all discriminatory practices in violation of R.C. Chapter 4112; pay $18,293.02 in actual damages to appellee, Donna Sargeant ("Ms. Sargeant"); pay a civil penalty of $10,000; and receive fair housing training.

{¶2} The appellants assert three assignments of error, contending (1) the commission failed to affirmatively plead jurisdictional facts necessary to invoke its subject matter jurisdiction over the complaint; (2) the commission lacked subject matter jurisdiction to adjudicate the complaint; (3) the trial court erred in stating the administrative law judge ("ALJ") found a violation of R.C. 4112.02(H)(7) rather than R.C. 4112.02(H)(19); and (4) the trial court erred in finding the appellants waived their constitutional challenge to the statutory process for determining damages.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The appellants have not established the commission failed to affirmatively plead jurisdictional facts necessary to invoke its subject matter jurisdiction over the complaint. The appellants appear to be mistaking the requirement to plead "affirmatively" with a requirement to plead "with particularity," which are separate concepts. In addition, to the extent the appellants are actually challenging the commission's standing, it does not involve subject matter jurisdiction.

{¶5} (2) The appellants have not established the commission lacked subject matter jurisdiction to adjudicate the complaint. By failing to object to the ALJ's jurisdictional factual findings, the appellants waived their right to contest them in the trial court and on appeal.

2

**{¶6}** (3) The trial court abused its discretion in stating the ALJ found a violation of R.C. 4112.02(H)(7) rather than R.C. 4112.02(H)(19). We reverse the trial court's determination on that issue and remand with instructions for the trial court to consider whether reliable, probative, and substantial evidence on the record supports the commission's finding that the appellants violated R.C. 4112.02(H)(19).

**{¶7}** (4) The appellants have not established the trial court misapplied the law regarding a facial constitutional challenge to R.C. 4112.051(D). Since the appellants did not elect a civil jury trial, they lacked standing to challenge the constitutionality of that provision.

**{¶8}** Thus, we affirm the judgment of the Trumbull County Court of Common Pleas in part, reverse in part, and remand for further proceedings.

### Substantive and Procedural History

**{¶9}** The appellants own and manage rental properties in Mahoning and Trumbull Counties, including a single-family home in Hubbard, Ohio. In October 2017, Ms. Sargeant spoke with Mr. Larney by telephone about renting the Hubbard property. According to Ms. Sargeant, Mr. Larney asked her how many people would be living at the property, and she informed him it would be herself and her two children. Mr. Larney asked for the children's ages, and she stated they were seven and one. Mr. Larney and Ms. Sargeant scheduled a viewing for the following day, and Mr. Larney indicated he would call to confirm. The next day, Mr. Larney and Ms. Sargeant spoke again by telephone. Mr. Larney told Ms. Sargeant she needed to bring her children to the viewing, and she refused. Mr. Larney stated he would call back later but never did. Mr. Larney subsequently rented the property to two applicants without children.

3

Case No. 2022-T-0112

{¶10} On January 30, 2018, Ms. Sargeant filed a fair housing complaint with the U.S. Department of Housing and Urban Development ("HUD"). HUD referred the complaint to the commission. During its preliminary investigation, the commission reviewed the appellants' "tenant rules and regulations," one of which stated, "No pets or animals of any kind (Resident or Visiting)." Following its investigation, the commission determined it was probable the appellants had engaged in unlawful discriminatory practices.

{¶11} After attempting and failing to conciliate the alleged practices, the commission issued a three-count complaint against the appellants in January 2019. The commission alleged the appellants' actions denied housing accommodations to Ms. Sargeant due to her familial status in violation of R.C. 4112.02(H)(1) (count 1) and subjected her to discriminatory terms and conditions due to her familial status in violation of R.C. 4112.02(H)(4) (count 2). The commission further alleged the appellants had a policy that fails to take into consideration those with disabilities that require the assistance of an animal in violation of R.C. 4112.02(H)(19) (count 3). The complaint notified the appellants of their right to elect to have the matter proceed in a civil action rather than an administrative hearing. The appellants did not elect a civil action.

{¶12} With leave of the ALJ, the commission issued an amended complaint. In particular, the commission amended count 2 to allege the appellants made inquiry or elicited information regarding Ms. Sargeant's familial status in violation of R.C. 4112.02(H)(8).

{¶13} The appellants appeared through counsel and filed an answer to the amended complaint. The appellants admitted certain procedural allegations but denied

4

they had engaged in any unlawful discriminatory practices. The commission issued discovery requests to the appellants, and the appellants submitted responses.

{¶14} A hearing was held before the ALJ, at which witnesses testified and documentary exhibits were submitted.

{¶15} In October 2021, the ALJ issued a report setting forth findings of fact, conclusions of law, and recommendations. The ALJ found the credible evidence in the record supported a determination the appellants violated R.C. 4112.02(H)(1), (H)(8), and (H)(19). The ALJ recommended the commission order the appellants to cease and desist from all discriminatory practices; pay $18,293.02 in actual damages to Ms. Sargeant; pay a civil penalty of $10,000; and receive fair housing training.

{¶16} The appellants submitted objections to the ALJ's report, and the commission submitted a response.

{¶17} In May 2021, the commission issued a final order. The commission rejected the appellants' objections to the ALJ report, adopted the ALJ's report, and issued orders consistent with the ALJ's recommendations.

{¶18} In June 2021, the appellants, through new counsel, filed a petition for judicial review in the Trumbull County Court of Common Pleas. After the filing of the record and the submission of briefs, the trial court filed a judgment entry finding the commission's final order was supported by reliable, probative, and substantial evidence and dismissed the appellants' petition.

{¶19} The appellants appealed and raise the following three assignments of error:

{¶20} "[1.] The trial court erred in its application or interpretation of the law, or its decision is unsupported by a preponderance of Reliable, Probative or Substantial

5

evidence as a matter of law, by affirming that the OCRC had jurisdiction to prosecute or adjudicate the complaint in the special statutory proceeding before the OCRC's Administrative Law Judge, for failing to affirmatively plead jurisdictional facts.

{¶21} "[2.] The trial court committed reversible error by affirming jurisdiction over the §4112.02(H)(19) claim in the absence of a charge, of a complainant, of an aggrieved person, and by further finding that the ALJ made a specific finding that the 'no-pets policy' rule violated §4112.02(H)(7).

{¶22} "[3.] The trial court committed reversible error by determining that Appellants' failure to exercise their statutory right under §4112.05(B) to elect a civil action under §4112.051(A)(1) & (A)(2), deprived them of the right to contest the unconstitutionality of said statutes for the first time in the §4112.06 appeal below."

### Standard of Review

{¶23} A trial court's review of the commission's final order is governed by R.C. 4112.06. "Pursuant to R.C. 4112.06(E), a trial court must affirm a finding of discrimination under R.C. Chapter 4112, if the finding is supported by reliable, probative and substantial evidence on the entire record." *Ohio Civ. Rights Comm. v. Case W. Res. Univ.*, 76 Ohio St.3d 168, 177, 666 N.E.2d 1376 (1996).

{¶24} "The role of the appellate court in reviewing commission orders is more limited—to determine whether the trial court abused its discretion in finding that there was reliable, probative and substantial evidence to support the commission's order." *Id.* "A trial court abuses its discretion where its decision is clearly erroneous, that is, the trial court misapplies the law to undisputed facts." *Id.*

6

Case No. 2022-T-0112

**Subject Matter Jurisdiction**

{¶25} The appellants' first assignment of error challenges the commission's subject matter jurisdiction.

{¶26} "Subject-matter jurisdiction refers to the constitutional or statutory power of a [tribunal] to adjudicate a case." *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, 165 N.E.3d 1098, ¶ 20. The appellants did not challenge the commission's subject matter jurisdiction in the administrative proceedings. However, the Supreme Court of Ohio has held "[w]hen an administrative agency renders a decision without subject-matter jurisdiction, the order is void and subject to challenge at any time." *In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 22. Questions of subject matter jurisdiction are reviewed de novo. *State ex rel. Ohio Assn. of Pub. School Employees v. Willoughby-Eastlake City School Dist.*, 2022-Ohio-4242, 202 N.E.3d 111, ¶ 9 (11th Dist.).

### *Pleading Deficiencies*

{¶27} The appellants contend the commission failed to affirmatively plead jurisdictional facts necessary to invoke its subject matter jurisdiction over the complaint.

{¶28} Ohio is a notice-pleading state. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Generally, "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "Each averment of a pleading shall be simple, concise, and direct," and "[n]o technical forms of pleading or motions are required." Civ.R. 8(E)(1).

Case No. 2022-T-0112

{¶29} However, the Supreme Court of Ohio has held "the complainant in a special statutory proceeding must affirmatively plead the jurisdictional facts." *Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 11. According to the court, "'where a statute, upon certain conditions, confers a right, or gives a remedy, unknown to the common law, the party asserting the right, or availing himself of the remedy, must, in his pleadings, bring himself, or his case, clearly within the statute.'" *Id.*, quoting *Haskins v. Alcott & Horton*, 13 Ohio St. 210, 216 (1862). "This principle comports with the overarching doctrine that the proponent of jurisdiction must shoulder the burden of showing that the tribunal * * * may proceed to hear its complaint." *Id.*

{¶30} The commission was established pursuant to R.C. 4112.03 and is expressly required to "prevent any person from engaging in unlawful discriminatory practices * * * as provided in [R.C. 4112.05]." R.C. 4112.05(A)(1).[1] This court has held the mechanisms codified in R.C. Chapter 4112 are reasonably considered special statutory proceedings. *See Grybosky v. Ohio Civ. Rights Comm.*, 11th Dist. Ashtabula No. 2010-A-0047, 2011-Ohio-6843, ¶ 61.

### *Charge of Discrimination*

{¶31} The appellants first argue the commission failed to sufficiently plead the existence of a filed charge of discrimination. R.C. 4112.05(B)(1) provides that "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice. In the case of a charge alleging an

---

1. This opinion addresses the version of R.C. 4112.05 effective from September 29, 2017, to April 14, 2021.

Case No. 2022-T-0112

unlawful discriminatory practice described in [R.C. 4112.02(A)-(G), (I), or (J)] or in [R.C. 4112.021] or [R.C. 4112.022], the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed. In the case of a charge alleging an unlawful discriminatory practice described in [R.C. 4112.02(H)], the charge shall be in writing and under oath and shall be filed with the commission within one year after the alleged unlawful discriminatory practice was committed."

{¶32} The commission alleged in its complaint that Ms. Sargeant "filed a timely charge with the Ohio Civil Rights Commission on or about January 30, 2018, against Respondents alleging an unlawful discriminatory practice." The appellants contend the commission was required to plead the existence of a charge filed alleging housing discrimination in violation of R.C. 4112.02(H)(1), (H)(4)/(8) and (H)(19). In particular, they emphasize a complaint alleging a violation R.C. 4112.02(H)(19) must arise from a timely filed charge rather than from the commission's "self-initiated," independent investigation.

{¶33} We disagree with the appellants' reading of the statute. R.C. 4112.05(B)(1) does not require a complainant to specify the type of alleged discrimination or the statutory section allegedly violated. A complainant is only required to allege a person has engaged or is engaging in conduct that constitutes an unlawful discriminatory practice.

{¶34} The appellants appear to be mistaking the requirement to plead "affirmatively" with a requirement to plead "with particularity." These are separate and distinct concepts. *See New Hampshire Ins. Co. v. MarineMax of Ohio, Inc.*, 408 F.Supp.2d 526, 529 (N.D.Ohio 2006) (Fed.R.Civ.P. 8(c)'s requirement that certain affirmative defenses shall be set forth *affirmatively* does not mean they must be pleaded

9

with *particularity*); *Williams-Salmon v. Raheja*, 8th Dist. Cuyahoga Nos. 110856 and 110928, 2022-Ohio-1675, ¶ 21 (in order to properly invoke the privilege against self-incrimination, the person must *affirmatively* assert it and also do so with sufficient *particularity*) (Emphasis added.) "Affirmative" means "[s]upporting the existence of certain facts." *Black's Law Dictionary* (11th Ed.2019). "Particularity" means "[t]he quality, state, or condition of being both reasonably detailed and exact." *Id*.

{¶35} While the Supreme Court of Ohio has instructed plaintiffs in special statutory proceedings to affirmatively plead jurisdictional facts, *Marysville*, *supra*, at ¶ 11, it has not imposed a particularity requirement. In fact, the court has only required particularity "[i]n a few carefully circumscribed cases," none of which are applicable here. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991); *see also* Civ.R. 9(B) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity").

{¶36} Further, the appellants' argument regarding R.C. 4112.02(H)(19) does not implicate the commission's subject matter jurisdiction, despite their characterization on appeal. In the trial court, the appellants argued the commission and Ms. Sargeant lacked *standing* to raise a claim under that section. The Supreme Court of Ohio has explained "an inquiry into [standing] * * * speaks to jurisdiction over a particular case, not subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22.

### *Conciliation*

{¶37} The appellants next argue the commission failed to sufficiently plead conciliation. Relevant here is R.C. 4112.05(B)(3)(a)(ii), which provides, "the commission

10

shall complete a preliminary investigation of a charge filed pursuant to [R.C. 4112.05(B)(1)] that alleges an unlawful discriminatory practice described in [R.C. 4112.02(H)], and shall take one of the following actions, within one hundred days after the filing of the charge: * * * [i]nitiate a complaint and schedule it for informal methods of conference, conciliation, and persuasion, or alternative dispute resolution[.]" This court has held conciliation is a jurisdictional prerequisite for the commission's issuance of a complaint alleging violations of R.C. 4112.02(H). *See Ohio Civ. Rights Comm. v. Papiernik*, 136 Ohio App.3d 233, 240, 736 N.E.2d 484 (11th Dist.1999).

{¶38} The commission alleged in its complaint that it presented "a proposed Conciliation Agreement and Consent Order" to the appellants; it "invited" the appellants "to conciliation"; the appellants did not sign the proposed agreement and order or submit an acceptable counter proposal; and its "efforts to eliminate the alleged unlawful discriminatory practice by informal conciliation failed." The appellants contend the commission was required to plead failed conciliation of a "pre-issued," draft complaint. The appellants appear to be referencing the complaint the commission "initiates" under R.C. 4112.05(B)(3)(a)(ii).

{¶39} Again, we disagree with the appellants' reading of the statute. Under R.C. 4112.05(B)(3)(a)(ii), the commission conciliates alleged unlawful discriminatory practices. This reading is confirmed by the other applicable provisions in R.C. 4112.05. For instance, R.C. 4112.05(A)(2) states "before instituting the formal hearing authorized by [R.C. 4112.05(B)], [the commission] shall attempt, by informal methods of conference, conciliation, and persuasion, *to induce compliance with [R.C. Chapter 4112]*." (Emphasis added.)

11

Case No. 2022-T-0112

{¶40} In addition, R.C. 4112.05(B)(5) provides:

{¶41} "If, after a preliminary investigation and the use of informal methods of conference, conciliation, and persuasion, or alternative dispute resolution, under this section, the commission is satisfied that any *unlawful discriminatory practice will be eliminated*, it may treat the charge involved as being conciliated and enter that disposition on the records of the commission. If the commission fails to effect *the elimination of an unlawful discriminatory practice* by informal methods of conference, conciliation, and persuasion, or by alternative dispute resolution under this section and to obtain voluntary compliance with [R.C. Chapter 4112], the commission shall issue and cause to be served upon any person, including the respondent against whom a complainant has filed a charge pursuant to [R.C. 4112.05(B)(1)], a complaint stating the charges involved * * *." (Emphasis added.)

{¶42} This reading is also confirmed by the Supreme Court Ohio's decision in *State ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.*, 44 Ohio St.2d 178, 339 N.E.2d 658 (1975), where the court held, "Pursuant to R.C. 4112.05(B), a completed and unsuccessful attempt by the Ohio Civil Rights Commission to *eliminate unlawful discriminatory practices* by conference, conciliation or persuasion is a jurisdictional prerequisite to the issuance of a complaint by the commission * * *." (Emphasis added.) *Id.* at syllabus.

{¶43} The appellants further contend since the commission amended its complaint, it was required to plead failed conciliation of a "pre-issued," draft *amended* complaint.

12

Case No. 2022-T-0112

{¶44} The statutory text does not support the appellants' assertion. R.C. 4112.05(C)(1) provides "[a]ny complaint issued pursuant to [R.C. 4112.05(B)] may be amended by the commission, a member of the commission, or the hearing examiner conducting a hearing under [R.C. 4112.05(B)]." R.C. 4112.05(C)(1)(b) provides "[i]f a complaint issued pursuant to [R.C. 4112.05(B)] alleges an unlawful discriminatory practice described in [R.C. 4112.02(H)], the complaint may be amended at any time up to seven days prior to the hearing and not thereafter."

{¶45} This provision does not require additional conciliation prior to the filing of an amended complaint. This is because, as explained above, the commission conciliates alleged unlawful discriminatory practices. There is federal authority indicating the Equal Employment Opportunity Commission—the commission's federal counterpart—must conciliate *additional* claims prior to amending its complaint. *See Haykel v. G.F.L. Furniture Leasing Co.*, 76 F.R.D. 386, 391 (N.D.Ga.1976) ("to the extent * * * the E.E.O.C. should desire to broaden the scope of the instant litigation, it would be incumbent * * * to first conciliate additional claims and, thereafter, seek leave of court to amend the complaint * * *"). However, the commission's amended complaint did not assert an additional claim; rather, the commission amended count 2 to allege the appellants' actions violated R.C. 4112.02(H)(8) instead of (H)(4).

### Probable Cause

{¶46} Finally, the appellants argue the commission failed to sufficiently plead the existence of probable cause. The commission alleged in its complaint that "[i]n a letter dated November 15, 2018," it "notified [Ms. Sargeant] and [the appellants] of its finding that it is probable that [the appellants] engaged in practices unlawful under R.C. 4112.

13

[sic.]" The appellants contend the commission was required to plead a finding of probable cause the appellants committed unlawful discriminatory housing practices in violation of R.C. 4112.02(H)(1), (H)(4)/(8), and (H)(19).

{¶47} As explained above, the commission was not required to plead jurisdictional facts with this level of specificity. In addition, the legal basis of the appellants' probable cause argument is unclear. The appellants may be relying on R.C. 4112.05(B)(3)(a)(i), which provides, in relevant part:

{¶48} "[T]he commission shall complete a preliminary investigation of a charge filed pursuant to [R.C. 4112.05(B)(1)] that alleges an unlawful discriminatory practice described in [R.C. 4112.02(H)], and shall take one of the following actions, within one hundred days after the filing of the charge: * * * *[n]otify* the complainant and the respondent that it is *not probable* that an unlawful discriminatory practice described in [R.C. 4112.02(H)] has been or is being engaged in and that the commission *will not issue a complaint* in the matter[.]" (Emphasis added.)

{¶49} R.C. 4112.05(B)(3)(a)(i) explicitly requires *notification* of a *lack* of probable cause where the commission does *not* issue a complaint. Therefore, it was not applicable. R.C. 4112.05(B)(3)(a)(ii) and (B)(5) were applicable, and neither requires the commission to notify the respondent of the existence of probable cause before issuing a complaint. As quoted above, R.C. 4112.05(B)(5) only requires the commission to fail to eliminate the alleged practices by conciliation. Although the commission's complaint alleged it notified the appellants of its probable cause determination, such notification was not a statutory requirement. Therefore, it was not a jurisdictional prerequisite the commission was required to affirmatively plead.

14

Case No. 2022-T-0112

### *Proof of Jurisdiction*

**{¶50}** Within their first assignment of error, the appellants also contend the commission failed to *prove* the jurisdictional facts at the administrative hearing.

**{¶51}** The appellants' argument is based on a faulty premise. The appellants contend subject matter jurisdiction cannot be "admitted, waived or stipulated"; therefore, "no conduct" on their part "can confer jurisdiction." However, the Supreme Court of Ohio has held "[a]lthough adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, *they may stipulate the truth of facts that are sufficient to confer jurisdiction.*" (Emphasis added.) *Beatrice Foods Co. v. Porterfield*, 30 Ohio St.2d 50, 282 N.E.2d 355 (1972), paragraph two of the syllabus. Therefore, "a party may not challenge the jurisdiction of the court when such jurisdiction is based upon previously uncontested or admitted facts." *Weightman v. Weightman*, 10th Dist. Franklin No. 98AP-1021, 1999 WL 354405, *2 (May 13, 1999); *accord Kaydo v. Kaydo,* 11th Dist. Lake No. 2022-L-021, 2022-Ohio-4055, ¶ 32-34.

**{¶52}** Here, the ALJ issued express findings of fact regarding the commission's jurisdiction. The appellants stated in their objections they were not contesting these facts. R.C. 4112.06(C) provides "[a]n objection that has not been urged before the commission shall not be considered by the court, unless the failure or neglect to urge such objection is excused because of extraordinary circumstances." The appellants did not contend their failure to object was excused, much less due to extraordinary circumstances. Therefore, the appellants were not permitted to challenge the uncontested jurisdictional facts in the trial court, nor may they do so on appeal.

**{¶53}** The appellants' first assignment of error is without merit.

15

Case No. 2022-T-0112

## "No-Animals" Rule

{¶54}  The appellants' second assignment of error involves their alleged "no-animals" rule.

{¶55}  The appellants contend the trial court erred by stating the ALJ found they violated R.C. 4112.02(H)(7).  According to the appellants, the ALJ actually found they violated R.C. 4112.02(H)(19).  The commission disagrees but presents contradictory justifications for the trial court's determination.

{¶56}  Contrary to the commission's suggestions on appeal, claims under sections (H)(7) and (H)(19) are separate and distinct.  R.C. 4112.02(H)(7) makes it unlawful to "[p]rint, publish, or circulate any *statement or advertisement*, or make or cause to be made any *statement or advertisement*, relating to the * * * rental, lease * * * of any housing accommodations * * *, that indicates any preference, limitation, specification, or discrimination based upon * * * disability * * *, or an intention to make any such preference, limitation, specification, or discrimination[.]"  (Emphasis added.)

{¶57}  Section (H)(7) is analogous to 42 U.S.C. 3604(c), which makes it unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any *notice, statement, or advertisement*, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on * * * handicap * * *, or an intention to make any such preference, limitation, or discrimination."  (Emphasis added.)  *See Fair Hous. Resources Ctr., Inc. v. DJM's 4 Reasons Ltd.*, 499 Fed.Appx. 414, 415 (6th Cir.2012).  To prevail under section 3604(c), a plaintiff is required to prove "the defendant made a statement, the statement was made with respect to the rental of a dwelling, and the statement indicated a preference, limitation, or discrimination based on handicap."  *Id.*

16

A plaintiff may prove a section 3604(c) violation in one of two ways: "by proof that the defendant made the statement with the actual intent to discriminate, if proof of actual intent exists, or by proof that an 'ordinary listener' would naturally interpret the statement as indicating a preference for or against a protected group or as indicating some other limitation or discrimination against a protected group." *Id.*

{¶58} By contrast, R.C. 4112.02(H)(19) makes it unlawful for any person to "[r]efuse to make *reasonable accommodations* in rules, policies, practices, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit, including associated public and common use areas." (Emphasis added.)

{¶59} Section (H)(19) is analogous to 42 U.S.C. 3604(f)(3)(B), which states "discrimination includes * * * a refusal to make *reasonable accommodations* in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." (Emphasis added.) *See Reid v. Plainsboro Partners, III*, 10th Dist. Franklin Nos. 09AP-442 and 09AP-456, 2010-Ohio-4373, ¶ 47. "The elements of such a claim require a plaintiff to demonstrate that (1) she suffers from a disability; (2) the defendants knew or reasonably should have known of the disability; (3) accommodation of the disability '"may be necessary"' to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such an accommodation." *Id.*, quoting *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir.2003), quoting *United States v. California Mobile Home Park Mgt. Co.*, 107 F.3d 1374, 1380 (9th Cir.1997).

{¶60} A party's violation of (H)(7) does not necessarily constitute a violation of (H)(19). For instance, in *Fair Hous. Resources Ctr.*, *supra*, the plaintiff filed a "statement"

17

Case No. 2022-T-0112

claim under sections (H)(7) and 3604(c) based on a landlord's assertion of his "no-pets policy" to trained testers posing as prospective tenants. *Id*. at 414-415. Following the jury's verdict in favor the landlord, the plaintiff appealed and contended the district court should have also instructed the jury that disability discrimination includes a failure to make a reasonable accommodation under section 3604(f)(3)(B). *Id*. at 416. The Sixth Circuit rejected this argument, noting the plaintiff had "not cited any cases concerning use of [section] 3604(f)(3)(B) in a case presenting a [section] 3604(c) statement claim." *Id*.

**{¶61}** A review of the ALJ's report indicates it determined the appellants violated section (H)(19) rather than section (H)(7). The ALJ did reference section (H)(7) in one of its findings of fact. Specifically, the ALJ wrote, "During the Commission's investigation of Complainant's charge, the Commission received a copy of Respondent EMLL's Tenant Rules and Regulations that contained a rule stating 'no pets or animal of any kind (Resident or Visiting)' with no written exception for service animals or emotional support animals." In a footnote, the ALJ wrote, "R.C. 4112.02(H)(19) and [Ohio Adm.Code] 4112-5-07(C) require an exception for animals that assist the disabled. *R.[C.] 4112.02(H)(7) makes it unlawful to print, publish, or circulate any preference, limitation, specification, or discrimination based upon disability*." (Emphasis added.)

**{¶62}** In its conclusions of law and discussion, however, the ALJ expressly determined:

**{¶63}** "The Commission alleged that [the appellants] * * * maintained a policy that failed to take into consideration those with disabilities that require the assistance of animals. * * * These allegations, if proven, would constitute *a violation of R.C. 4112.02*, which provides, in pertinent part, that it shall be an unlawful discriminatory practice for

18

any person to:  * * * *(19)* Refuse to make reasonable accommodations in rules, policies, practices, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit * * *.

**{¶64}** "* * *

**{¶65}** "[The appellants] maintained a policy that failed to take into consideration those with disabilities that require the assistance of an animal *in violation of R.C. 4112.02(H)(19).*"  (Emphasis added.)

**{¶66}** In their appeal in the trial court, the appellants argued they did not violate section (H)(19) because no disabled person requested or was denied an accommodation. The trial court rejected this argument and stated, "[P]rinting and disseminating the rule is a violation in and of itself under R.C. 4112.02(H)(7).  The ALJ, the trier of fact, who was present at the hearing and able to observe the witnesses and evidence firsthand, *made a specific finding that the publication of the rule violated R.C. 4112.02(H)(7).*"  (Emphasis added.)  The trial court then cited the "ordinary listener" test and purported to defer to the ALJ's factual findings on the issue.  Because the trial court's determination was based on an incorrect premise, i.e., the ALJ found a violation of section (H)(7), we find an abuse of discretion.

**{¶67}** The appellants next contend the record is devoid of evidence establishing they violated section (H)(19).  Since the trial court did not address this argument, it is unripe for appellate review.

**{¶68}** Finally, the appellants appear to challenge the commission's subject matter jurisdiction over the section (H)(19) claim.  We have rejected this jurisdictional argument in our disposition of the appellants' first assignment of error.

Case No. 2022-T-0112

**{¶69}** Accordingly, the appellants' second assignment of error has merit in part. We reverse the trial court's determination regarding the appellants' "no animals" rule and remand with instructions for the trial court to consider whether reliable, probative, and substantial evidence on the record supports the commission's finding that the appellants violated R.C. 4112.02(H)(19).

## Constitutional Challenge

**{¶70}** The appellants' third assignment of error involves their constitutional challenge to the statutory process for determining damages.

**{¶71}** The appellants contend they were denied their right to have a jury decide the issue of damages in violation of Article I, Section 5 of the Ohio Constitution ("The right of trial by jury shall be inviolate * * *"). The appellants acknowledge they did not elect a civil jury trial under R.C. 4112.051,[2] as they were permitted to do. *See* R.C. 4112.05(B)(5). Nevertheless, they argue R.C. 4112.051(D) is unconstitutional because the court, rather than the jury, determines damages for violations of R.C. 4112.02(H). They also argue electing a civil jury trial creates an "unconstitutional cost" because damages are discretionary in administrative proceedings but mandatory in civil actions.[3]

**{¶72}** The appellants did not assert their constitutional claim in the administrative proceedings; rather, they raised it for the first time in the trial court. The appellants contend this was procedurally proper because the commission is not authorized to determine constitutional issues. *See Mobil Oil Corp. v. Rocky River*, 38 Ohio St.2d 23,

---

2. This opinion addresses the version of R.C. 4112.051 effective from October 16, 2009, to April 14, 2021.
3. On appeal, the appellants further argue their right to elect a civil jury trial was revived and not provided when the commission issued its amended complaint. The appellants did not raise this argument in the trial court; therefore, we do not consider it.

20

26, 309 N.E.2d 900 (1974) ("the issue of constitutionality can never be administratively determined").

{¶73} The appellants' contention is not consistent with the Supreme Court of Ohio's more recent precedent. In *Reading v. Pub. Util. Comm. of Ohio*, 109 Ohio St.3d 193, 2006-Ohio-2181, 846 N.E.2d 840, the court held "a *facial* constitutional challenge to a statute need not first be raised before the [administrative agency]. However, a litigant must raise an *as-applied* constitutional challenge in the first instance during the proceedings before the [administrative agency] in order to allow the parties to develop an evidentiary record." (Emphasis sic.) *Id*. at ¶ 16.

{¶74} The appellants do not state whether they are asserting a facial or an as-applied challenge to R.C. 4112.051(D). Since the appellants failed to assert their constitutional claim in the administrative proceedings, they waived an as-applied challenge. Therefore, the trial court was only permitted to consider their constitutional claim as a facial challenge.

{¶75} The appellants contend the trial court erred in finding they waived their constitutional claim. However, the trial court did not reject the appellants' claim on the basis of waiver. Rather, the trial court found R.C. 4112.051(D) "only applied if a party filed a Notice of Election to have the matter decided in court rather than administratively. [The appellants] did not file any such Notice, and therefore that provision is inapplicable here."

{¶76} Although the trial court did not use the word "standing," its analysis implicates that principle. "In order to have standing to attack the constitutionality of a legislative enactment, the private litigant must generally show that he or she has suffered

21

or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469-470, 715 N.E.2d 1062 (1999).

{¶77} The appellants did not elect a civil action under R.C. 4112.051, and their matter proceeded as an administrative hearing under R.C. 4112.05. Therefore, R.C. 4112.051(D) was not applicable and could not have injured the appellants. Accordingly, we find no clear error in the trial court's application of the law.

{¶78} The appellants' third assignment of error is without merit.

## Conclusion

{¶79} In sum, the appellants' first and third assignments of error lack merit. Their second assignment of error has merit in part. We reverse the trial court's determination regarding the appellants' "no animals" rule and remand with instructions for the trial court to consider whether reliable, probative, and substantial evidence on the record supports the commission's finding that the appellants violated R.C. 4112.02(H)(19).

{¶80} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.


EUGENE A. LUCCI, J., concurs,

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

22

Case No. 2022-T-0112

MATT LYNCH, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶81} The majority properly vacates the lower court's determination that the Respondents violated the "no animals" rule (R.C. 4112.02(H)(7)), but remands with instructions for the court to "consider whether reliable, probative, and substantial evidence on the record supports the commission's finding that [they] violated R.C. 4112.02(H)(19)." *Supra* at ¶ 69. However, for the reasons set forth under the first assignment of error, the Civil Rights Commission was without jurisdiction to consider the purported violation of R.C. 4112.02(H)(19). Accordingly, I respectfully dissent and would not only vacate the finding that Respondents violated R.C. 4112.02(H)(19) but order the trial court to dismiss that Count of the Complaint.

{¶82} It has often and with good reason been affirmed that "[a]n administrative agency has no authority beyond what is conferred by statute and it may only exercise those powers that are expressly granted by the General Assembly." *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 171, 724 N.E.2d 411 (2000); *Spellman Outdoor Advertising Servs., LLC v. Ohio Turnpike & Infrastructure Comm.*, 2016-Ohio-7152, 72 N.E.3d 229, ¶ 23 (11th Dist.); *Burton v. Harris*, 2013-Ohio-1058, 987 N.E.2d 745, ¶ 19 (10th Dist.) ("an administrative agency's acts may not exceed the parameters of the authority legislatively granted to the agency"); *see also Lake Front Med. LLC v. Ohio Dept. of Commerce*, 2022-Ohio-4281, 202 N.E.3d 156, ¶ 92 (11th Dist.) (Lynch, J., concurring) ("[w]hile the administrative agencies within our country serve a valid purpose, their power to act in a role that goes beyond the scope of their authority undercuts citizens' rights and expectations to due process, consistent results, and confuses the role of the different branches of our government").

23

{¶83} In the present case, Count III of both the Complaint and the Amended Complaint, alleging the violation of R.C. 4112.02(H)(19), resulted from the Civil Rights Commission's independent investigation into the Respondents' housing practices rather than from the charge filed by the Complainant. The Commission was without jurisdiction, statutory or otherwise, to conduct such an investigation. The potential for abuse when the courts countenance the undertaking of unauthorized independent investigations by administrative agencies hardly requires emphasizing.

{¶84} Under the relevant version of the statute, "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." R.C. 4112.05(B)(1). Under appropriate circumstances, the Civil Rights Commission may initiate its own independent investigation into discriminatory practices. "The commission also may conduct, upon its own initiative and independent of the filing of any charges, a preliminary investigation relating to any of the unlawful discriminatory practices described in division (A), (B), (C), (D), (E), (F), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code." R.C. 4112.05(B)(2). The absence of division (H) from the foregoing is patent as is the significance of its absence: the Commission may not initiate an investigation into discriminatory practices described in division (H) independent of the filing of a charge. *In re Establishing the Solar Generation Fund Rider*, 169 Ohio St.3d 740, 2022-Ohio-4348, 207 N.E.3d 762, ¶ 34, fn. 2 ("[t]he interpretive canon 'expressio unius est exclusio alterius' provides that the expression of one item in an associated group or series excludes unmentioned items") (citation omitted); *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 35; *Grybosky v. Ohio Civil Rights Comm.*, 2017-Ohio-

7125, 95 N.E.3d 625, ¶ 16 (11th Dist.) ("R.C. 4112.05(B)(2) does not apply to housing discrimination claims because these claims are identified in R.C. 4112.02(H), and subsection H is conspicuously absent from R.C. 4112.05(B)(2)").

{¶85} That the investigation of discriminatory practices described in division (H) requires an underlying charge is further demonstrated by the following provision: "the commission shall complete a preliminary investigation of a *charge filed pursuant to division (B)(1) of this section* that alleges an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code," upon which it "shall take one of the following actions" such as initiating a complaint. R.C. 4112.05(B)(3)(a)(ii); *compare* R.C. 4112.04(A)(6) ("[t]he commission shall * * * [r]eceive, investigate, and *pass upon written charges* made under oath of unlawful discriminatory practices") (emphasis added).

{¶86} In the present case, the charge filed by the Complainant pursuant to R.C. 4112.05(B)(1) alleged discriminatory practices based on "familial status" without any mention or reference to animals/pets or the refusal to make reasonable accommodations. The Complaints filed by the Civil Rights Commission frankly acknowledged that the alleged violation of division (H)(19) was unrelated to the charge filed: "During the course of the Commission's investigation it reviewed Respondents' rules and policies" which alleged "prohibit[ed] pets or animals of any kind" in "violation of R.C. 4112.02(H)(19)."

{¶87} This court has affirmed that the filing of a valid charge pursuant to R.C. 4112.05(B)(1) is a prerequisite for the Civil Rights Commission to exercise jurisdiction in cases involving housing discrimination under R.C. 4112.02(H). *Grybosky*, 2017-Ohio-7125, at ¶ 40 ("[b]ecause the charges against Helen did not satisfy the oath requirement

25

Case No. 2022-T-0112

in R.C. 4112.05(B)(1), the Commission lacked jurisdiction to proceed"). Accordingly, in cases of housing discrimination such as the present one, the Commission's jurisdiction is limited to the discriminatory practices alleged in a valid charge. To hold that the filing of a charge alleging one type of discriminatory practice allows the Commission carte blanche to investigate all possible discriminatory practices is contrary to both the text of R.C. 4112.05(B) and the reasonable interpretations thereof.

{¶88} The majority dismisses the Respondents' arguments relative to R.C. 4112.02(H)(19) as involving the Civil Rights Commission's standing rather than its subject-matter jurisdiction: "[T]he appellants' argument regarding R.C. 4112.02(H)(19) does not implicate the commission's subject matter jurisdiction, despite their characterization on appeal"; rather, "[i]n the trial court, the appellants argued the commission and Ms. Sargent lacked *standing* to raise a claim under that section." *Supra* at ¶ 36. Regardless of how the argument is characterized, the lack of an underlying charge with respect to the "no animals" claim does implicate the Commission's subject-matter jurisdiction which, as the majority recognizes, is "subject to challenge at any time." *Supra* at ¶ 26, citing *In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 22. Moreover, to imply that the Respondents only raised the jurisdictional issue on appeal and not in the trial court mischaracterizes the Respondents' actual arguments in the trial court. In their Petitioners' Brief filed in the trial court, the Respondents expressly argued that "as to the alleged §4112.02(H)(19) violation there could have been no jurisdiction to * * * undertake the investigation of an alleged violation which was not part of the Sargents' experience [i.e., not alleged in the underlying charge], and into which the OCRC cannot self-initiate an investigation per

26

§4112.05(B)(2)." Petitioners' Brief at 4-5. The jurisdictional issue was duly raised below and merits substantive consideration in this court.

{¶89} For the foregoing reasons, I respectfully dissent and would dismiss the Civil Rights Commission's claim relative to R.C. 4112.02(H)(19).

27